

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2021

**BY ECF AND EMAIL**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Apocalypse Bella, 21 Cr. 247 (PAE)

Dear Judge Engelmayer:

      The Government writes in response to the defendant's proposed modification of bail conditions. On April 29, 2021, Judge Cave heard argument on the question of the defendant's bail. The Government sought detention based on the defendant's risk of flight. The Government proffered that the defendant's travel records indicated that from November 2016 to the present, the defendant had spent twice as much time outside the United States as inside the United States (and much of the defendant's time spent in the United States was during the COVID-19 pandemic, when international travel was undesirable and/or impossible). In addition, the Government argued that the defendant had not been fully forthcoming with Pretrial Services about his finances. The Government also proffered that the defendant's wife had received fraud proceeds, moved some of those funds into bank accounts in the names of the defendant's two minor children, and then withdrawn fraud proceeds in cash from the children's accounts.[1]

      Judge Cave concluded that bail conditions could be set, and imposed the following bail conditions, set forth in relevant part: regular pretrial supervision; continue or actively seek employment; surrender any passport to Pretrial Services; surrender travel documents and make no new applications; $500,000 personal recognizance bond, to be co-signed by three financially responsible persons, and secured by the defendant's home in Clackamas County, Oregon; electronic monitoring; travel restricted to SDNY, EDNY and the District of Oregon (and points in between for travel); defendant may not open any bank account or seek new lines of credit without prior approval from Pretrial Services; no contact with victims, witnesses, and co-defendants unless in presence of counsel; no possessing the personal identifying information of others. Judge Cave also ordered that the defendant could be released after two co-signers had signed the bond.

      Thus, many of the conditions in the defendant's proposed bail conditions—including securing the bond with the defendant's Oregon property—have already been ordered by the magistrate court.

---

[1] For these reasons, the defendant's wife is not an acceptable co-signer.

     However, the Government does not object to a modification of the bail conditions that removes the co-signer requirements, if the bail conditions are also modified as follows: (1) home incarceration, to be enforced by electronic monitoring, and (2) the bond is actually secured by the Oregon property (that is, a confession of judgment has been filed in the relevant state court) within one week of the signing of the bond.

     In addition, the Government respectfully moves to exclude time under the Speedy Trial Act until the initial pretrial conference on June 21, 2021.[2] The Government has begun to upload discovery onto hard drives provided by defense counsel. The discovery is voluminous and consists of, among other things, records obtained from banks and lenders, audio recordings, and returns drawn from email accounts and electronic devices. The Government therefore submits that an exclusion of time is warranted to allow the Government to produce the discovery and allow the defendants to begin reviewing the voluminous discovery.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: *Dina McLeod*
Dina McLeod
Assistant United States Attorney
(212) 637-1040

The Court modifies the defendant's bail conditions to remove the co-signer requirements, and, consistent with the Government's proposal above, to require home incarceration, enforced by electronic monitoring, and to require that the bond be actually secured by the Oregon property within one week of the signing of the bond. All bail conditions must be satisfied prior to the defendant's release. The Court excludes time until June 21, 2021, pursuant to 18 U.S.C. 3161(h)(7)(A) for the reasons stated. The Clerk of Court is requested to terminate the motion at Dkt. No. 26.

6/14/2021

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

---

[2] Time has been excluded up until the original date of the pretrial conference, June 15, 2021.