```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :   PROTECTIVE ORDER
UNITED STATES OF AMERICA           :
                                   :
   - v. -                          :   S3 21-CR-247 (PAE)
                                   :
APOCALYPSE BELLA,                  :
   a/k/a "Dias Yumba,"             :
                                   :
MACKENZY TOUSSAINT,                :
   a/k/a "Mack," and               :
                                   :
AMOS MUNDENDI,                     :
   a/k/a "Mos,"                    :
   a/k/a "El Ashile Mundi,"        :
                                   :
ALVIN MAXWELL, and                 :
                                   :
BRANDON JACKSON,                   :
                                   :
            Defendants.            :
                                   :
- - - - - - - - - - - - - - - - - x
```

HONORABLE PAUL A. ENGELMAYER, District Judge:

WHEREAS the Government intends to produce to APOCALYPSE BELLA, MACKENZY TOUSSAINT, and AMOS MUNDENDI, ALVIN MAXWELL, and BRANDON JACKSON, the defendants, in the above-captioned matter, certain discovery materials that contain personal identifying information for individuals other than the defendant, including names, financial information, and telephone numbers; and

WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

     1. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Subject to Protective Order" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Subject to Protective Order," shall be deemed "Protected Material."

     2. Protected Material disclosed to the defendants, or to their counsel, during the course of proceedings in this action:

         (a) shall be used by the defendants or their counsel only for purposes of this action;

         (b) shall be kept in the sole possession of the defendants' counsel or the defendants;

         (c) shall not be copied or otherwise recorded by the defendants;

         (d) shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(e) below;

         (e) may be disclosed only by the defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

(i) secretarial, clerical, paralegal, investigative, and student personnel employed full-time or part-time by the defendants' counsel;

(ii) independent expert witnesses retained by the defendants or on their behalf in connection with this action; and

(iii) such other persons as hereafter may be authorized by the Court upon a motion by the defendants;

(f) shall be either (i) returned to the Government following the conclusion of this case, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendants' counsel verifying in writing to the Government that such destruction has taken place.

(g) Notwithstanding the foregoing, the defense shall not be required to return or destroy any Protected Material to the extent such return or destruction would conflict with any applicable professional or ethical obligation or responsibility of the defense.

3. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive – Subjective to Protective Order" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating

"Sensitive – Subjective to Protective Order" shall be deemed "Sensitive Protected Material."

4. Sensitive Protected Material disclosed to the defendants, or to the defendants' counsel, during the course of proceedings in this action, shall be subject to the conditions applicable to Protected Material, with the exception of paragraph 2(b) above.  Sensitive Protected Material may be shown to the defendants, but may not be maintained in the defendants' possession.

5.  The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom Protected Material is disclosed pursuant to paragraph 2(e).  Designated Persons shall be subject to the terms of this Order.

7.  The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

                              DAMIAN WILLIAMS
                              UNITED STATES ATTORNEY

By: _____
     Dina McLeod
     Assistant United States Attorney

_____
Peter Brill, Esq.
Counsel for Alvin Maxwell

_____
Daniel McGuinness, Esq.
Counsel for Brandon Jackson

SO ORDERED:

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

                         DAMIAN WILLIAMS
                         UNITED STATES ATTORNEY

By: _____
     Dina McLeod
     Assistant United States Attorney


_____
Peter Brill, Esq.
Counsel for Alvin Maxwell

_____
Daniel McGuinness, Esq.
Counsel for Brandon Jackson


                         1/4/2022

SO ORDERED:

                      _____
                      HONORABLE PAUL A. ENGELMAYER
                      UNITED STATES DISTRICT JUDGE

5